# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

GILBERTO GARZA, for himself and on
behalf of those similarly situated,

        Plaintiff,                CASE NO.:

vs.

ESTATE LANDSCAPING & LAWN
MANAGEMENT, LLC, a Florida
Limited Liability Company,

        Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, GILBERTO GARZA ("Plaintiff"), for himself and on behalf of those similarly situated, by and through his undersigned counsel, files this Complaint against Defendant, ESTATE LANDSCAPING & LAWN MANAGEMENT, LLC, a Florida Limited Liability Company ("ESTATE LANDSCAPING"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain declaratory relief, a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

### PARTIES

1. At all times material to this action, Plaintiff was a resident of Lee County,

1

Florida.

2. At all times material to this action, ESTATE LANDSCAPING was, and continues to be, a Florida Limited Liability Company.

3. At all times material to this action, ESTATE LANDSCAPING was, and continues to be, engaged in business in Florida, with its corporate office in Fort Myers, Florida. Its principal place of business is in Fort Myers, Florida.

4. At all times material to this action, Plaintiff was "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" within the meaning of §7 of the FLSA.

5. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

6. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

7. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

8. At all times material to this action, Defendant ESTATE LANDSCAPING was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

9. Based upon information and belief, the annual gross revenue of Defendant ESTATE LANDSCAPING was in excess of $500,000.00 per annum during the relevant time periods.

10. At all times material to this action, Defendant had two (2) or more employees

2

handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as landscaping equipment and vehicles manufactured outside the state of Florida.

11. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

12. On or about August 2016 and continuing through March 2017, Defendant hired Plaintiff to work as a nonexempt, hourly paid, laborer and landscaping employee.

13. Plaintiff's job duties were lawn maintenance for Defendant's clients.

14. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

15. From the beginning of his employment through at least March 2017, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

16. Specifically, the practices that led to this failure to pay overtime included but were not limited to, a policy and practice of (1) paying recorded overtime hours at regular hourly rate, with no premium; (2) failing to input all hours recorded in hand-written timekeeping records into the electronic payroll system, such that some overtime hours were recorded but nonetheless completely unpaid; and (3) failing to record certain overtime hours altogether, even on the hand-written timekeeping sheets.

17. Plaintiff and other landscaping employees asked to be paid at overtime rate for all of his overtime hours, but were told that the Company had a "loophole" which it could use to avoid payment of overtime.

3

18. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

19. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

20. The additional persons who may become Plaintiffs in this action also worked overtime hours for Defendant as hourly paid landscaping employees, worked under the same terms and conditions pursuant to the policies, practices, and procedures applicable to Plaintiff as describe herein, and were denied proper overtime compensation for overtime hours due to these policies, practices and procedures.

21. Defendant has violated Title 29 U.S.C. §207 from at least August 2016, through at least March 2017, in that:

 A. Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant;

 B. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA due to the policies and practices described above; and

 C. Defendant has failed to maintain proper time records as mandated by the FLSA.

22. Defendant's failure and/or refusal to properly compensate Plaintiff, and those similarly situated, at the rates and amounts required by the FLSA was willful. Plaintiff and his fellow landscapers/laborers asked to be paid proper overtime and the Company persisted in its

failure to pay same, despite that it knew, or reasonably should have known, that same was due.

23. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

24. Plaintiff re-alleges paragraphs 1 through 23 of the Complaint, as if fully set forth herein.

25. On or about August 2016 and continuing through at least March 2017, Plaintiff and those similarly situated worked hours in excess of forty (40) hours in one or more workweeks for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay.

26. Plaintiff, and those similarly situated, were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

27. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when it knew, or should reasonably have known, such was, and is, due.

28. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

29. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

30. Other current and former landscaping employees of Defendant were also not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant has failed to properly pay Plaintiff proper overtime wages at time and one-half of the lawful regular rate of pay for such hours, pursuant to policies, plans or decisions equally applicable to other hourly paid landscaping employees.

31. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for himself and on behalf of other hourly landscaping employees: requests conditional certification pursuant to Section 216(b) of the FLSA, of the hourly paid laborer/landscaping employees who worked for Defendant over 40 hours in one or more workweeks from the date three years prior to the date this complaint is filed through the date Notice is sent on this matter, but were not paid proper overtime compensation for same; an order permitting Notice to all potential class members; a Declaration that Defendant's policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 5th day of June 2017.

Respectfully submitted,

/s/ Angeli Murthy

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*